UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00011-TWP-KMB |
| | ) | |
| MYIESHA WHITE, | ) | -02 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 10, 2024, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on March 29, 2024, [dkt. 170], and July 8, 2024, [dkt. 180]. Defendant White appeared in person with her appointed counsel Joe Cleary. The Government appeared by Tiffany Preston, Assistant United States Attorney. U.S. Probation Office appeared by USPO James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant White of her rights and provided her with a copy of the petitions.

2.    After being placed under oath, Defendant White admitted to violation number 1-3 [Dkt. 170.] Government orally moved to withdraw the remaining violations (4 and 5), which motion was granted by the Court, such that violation numbers 4 and 5 dismissed. [Dkt. 180.]

3.    The allegations to which Defendant admitted, as fully set forth in the petition, is:

**Violation**
**Number**          **Nature of Noncompliance**

1.   **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

     As previously reported to the Court, on October 31, 2022, April 18, April 24, May 19, August 16, August 24, August 31, September 21, and December 19, 2023, as well as January 11, and January 23, 2024, Ms. White submitted to drug testing and on each occasion tested positive for cocaine. On March 14, 2024, Ms. White again submitted to a drug test that returned positive for cocaine. Ms. White admitted to consuming cocaine on March 10, 2024.

2.   **"You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."**

     As previously reported to the Court, on January 9, 2024, Ms. White was suspended from psychosexual treatment at the Indianapolis Counseling Center due to her sporadic attendance and ongoing substance abuse issues.

3.   **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

     On January 16, 2024, Ms. White was referred to start intensive outpatient substance abuse treatment services due to her ongoing substance abuse issues, to include multiple treatment sessions a week. This officer was advised by the provider that Ms. White has failed to attend any group therapy sessions, and has no-showed or rescheduled multiple other clinician appointments; therefore, she has failed to participate as recommended and was discharged from services as of March 15, 2024

4.   The Parties stipulated that

     (a)   The highest grade of violation is a Grade B violation.

(b)     Defendant's criminal history category is I.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months of imprisonment.

5.     The parties jointly recommended a sentence of 10 months with no supervised release to follow.  Defendant requested placement at a facility closest to Indianapolis, Indiana.

6.     The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or designee for a period of  10 months with no supervised release.  The Magistrate Judge will make a recommendation of placement at a facility closest to Indianapolis, Indiana. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

7.     The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 7/12/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system